1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    STEVEN HERNANDEZ,                          No.  2:13-cv-2080 KJN P

12                    Plaintiff,

13           v.                                   ORDER

14    DEUEL VOCATIONAL INSTITUTION
      MEDICAL PERSONNEL,
15
                      Defendant.
16

17           Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to

18    42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19    § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20    § 636(b)(1).

21           Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22    § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28    payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3    § 1915(b)(2).

4         The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16   2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

17   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18   1227.

19        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

26   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

27   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

28   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

1   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2   true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the

3   pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236

4   (1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

5        In the present case, plaintiff alleges that he has been denied medical treatment for the past

6   five months for his "shortness of air to [his] lungs, chest pains and back pains."  (ECF No. 6 at 3.)

7   Plaintiff asserts that his condition is becoming worse.  He states:  "I have been seen by the nurses

8   in the medical personal and been told that I will see a doctor within a week of each visit but the

9   days go by and I never see one."  (<u>Id.</u>)

10       Two significant problems beset these allegations,[1] and thus require that plaintiff be granted

11  leave to file an amended complaint.  First, plaintiff does not identify a specific individual as a

12  defendant; rather, he names only the "Deuel Vocational Institution Medical Personnel," which is

13  not a proper defendant.  The Civil Rights Act provides as follows:

14           Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
15           deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
16           law, suit in equity, or other proper proceeding for redress.

17  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

18  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

19  <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

20  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

21  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

22  omits to perform an act which he is legally required to do that causes the deprivation of which

23

24  ───────────────
    [1] A third problem may also be present.  Plaintiff asserts that he exhausted his available
25  administrative remedies before bringing this action, and notes that his initial grievance was never
    answered.  Plaintiff's assessment may later be challenged, as the Prison Litigation Reform Act
26  requires that a prisoner exhaust all available administrative remedies before bringing a federal
    civil rights action.  <u>See</u> 42 U.S.C. § 1997e(a); <u>Brown v. Valoff</u>, 422 F.3d 926, 934 (9th Cir.
27  2005); <u>Griffin v. Arpaio</u>, 557 F.3d 1117, 1119 (9th Cir. 2009).  Nevertheless, for screening
    purposes, the court will accept as true plaintiff's averment that he exhausted the administrative
28  remedies available to him.

1    complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

2           Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

3    their employees under a theory of respondeat superior and, therefore, when a named defendant

4    holds a supervisorial position, the causal link between him and the claimed constitutional

5    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

6    (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

7    438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

8    denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

9    official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

10   F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

11   participation is insufficient).

12          Therefore, in an amended complaint, plaintiff must name a specific defendant or

13   defendants whom he alleges have violated his constitutional rights.

14          The second problem with the complaint is that plaintiff's allegations fall short of stating a

15   potentially cognizable claim for deliberate indifference to his serious medical needs.  In Estelle v.

16   Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not

17   constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to

18   the level of "deliberate indifference to serious medical needs."  In applying this standard, the

19   Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged,

20   "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

21   'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d

22   458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.

23          To prevail on an Eighth Amendment claim the plaintiff must show that objectively he

24   suffered a "sufficiently serious" deprivation.  Farmer v. Brennan, 511 U.S. 825, 834 (1994);

25   Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The plaintiff must also show that subjectively

26   each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to

27   occur.  Farmer, 511 U.S. at 834.

28   ////

4

1    Therefore, in an amended complaint, plaintiff must identify a serious deprivation or

2   injury, and identify how specific defendant(s) were deliberately indifferent in failing to provide

3   plaintiff with adequate care.  The court notes, however, that plaintiff states he was seen by clinic

4   nurses; his complaint focuses on not being seen by a physician.  Plaintiff is informed that a

5   difference of opinion concerning appropriate medical care -- either between a physician and the

6   prisoner, or between medical professionals -- does not amount to deliberate indifference.  Snow v.

7   McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.

8   1989)); see Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (difference of opinion

9   between a prisoner-patient and medical staff regarding treatment is not cognizable under section

10   1983).  For a difference of opinion to amount to deliberate indifference, the inmate "must show

11   that the course of treatment the doctors chose was medically unacceptable under the

12   circumstances" and that the course of treatment was chosen "in conscious disregard of an

13   excessive risk to [the prisoner's] health."  Snow, 681 F.3d at 988 (internal quotations and citation

14   omitted).

15    For these several reasons, the court finds the allegations in plaintiff's original complaint

16   (ECF No. 6) so vague and conclusory that it is unable to determine whether the current action is

17   frivolous or fails to state a claim for relief.  The court has determined that the complaint does not

18   contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal

19   Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of

20   the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir.

21   1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants

22   engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the

23   requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,

24   however, grant leave to file an amended complaint.  If plaintiff chooses to amend the complaint,

25   plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation

26   of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the

27   complaint must allege in specific terms how each named defendant is involved.  Id.  There can be

28   no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

1    defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th

2    Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and

3    conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.

4    Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5              In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

6    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

7    complaint be complete in itself without reference to any prior pleading.  This requirement exists

8    because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

9    Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

10   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

11   original complaint, each claim and the involvement of each defendant must be sufficiently

12   alleged.

13             In accordance with the above, IT IS HEREBY ORDERED that:

14             1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7), is granted.

15             2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

16   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

17   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

18   Director of the California Department of Corrections and Rehabilitation filed concurrently

19   herewith.

20             3.  Plaintiff's complaint (ECF No. 6), is dismissed.

21             4.  Within thirty days from the date of this order, plaintiff may file an amended complaint

22   by completing the attached Notice of Amendment, and submit the following documents to the

23   court:

24                  a.  The completed Notice of Amendment; and

25                  b.  An original and one copy of the Amended Complaint.

26   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

27   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

28   also bear the docket number assigned to this case and must be labeled "Amended Complaint."

1        5.  Failure to timely file an amended complaint in accordance with this order may result in

2  a recommendation that this action be dismissed.

3       SO ORDERED.

4  Dated:  November 5, 2013

5

6  /hern2080.14.new               KENDALL J. NEWMAN
                                UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    STEVEN HERNANDEZ,                       No.  2:13-cv-2080 KJN P

12                 Plaintiff,

13        v.                                  NOTICE OF AMENDMENT

14    DEUEL VOCATIONAL INSTITUTION
      MEDICAL PERSONNEL,

15
                   Defendant.
16

17
              Plaintiff hereby submits the following document in compliance with the court's order
18
      filed_____.
19

20
                    _____        Amended Complaint
21

22

23    _____    _____
      Date                                         Plaintiff
24

25

26

27

28